■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLINE O. BRUNDIDGE, Respondent.—Order unanimously affirmed for reasons stated at Supreme Court, Cornelius, J. (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—CPL 330.30 [2].) Present—Callahan, J. P., Denman, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUCKER, Appellant.—Judgment unanimously affirmed. Memorandum: Contrary to defendant's claim, he was not deprived of the effective assistance of counsel by the alleged failure of the trial court to inquire into the nature and seriousness of defendant's conflict with his assigned counsel. When informed that defendant was dissatisfied with counsel, the court inquired as to the source of that dissatisfaction. Defendant complained that his assigned counsel had failed to obtain the names and addresses of three prosecution witnesses, that he wanted the names in order to file a criminal charge against one of them and that counsel had refused to honor his request to place such information on the record. The release of that information was within the sound discretion of the trial court and counsel's failure to obtain it did not provide good cause to relieve counsel and assign a new one, particularly on the brink of trial (see, People v Medina, 44 NY2d 199, 207).

We have reviewed the remaining contentions raised by defendant, including those contained in his pro se supplemental brief, and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—robbery, first degree, and other charges.) Present—Callahan, J. P., Denman, Green and Davis, JJ.